**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROSE CEJA, on behalf of herself and other similarly situated female employees, <br><br>         Plaintiff, <br><br>     v. <br><br> PERSONNEL STAFFING GROUP, LLC d/b/a MVP and ALBERTO IBARRA, <br><br>         Defendants. | Case No. <br><br> Judge <br><br> Magistrate Judge |

**CLASS ACTION COMPLAINT**

Rosa Ceja ("Plaintiff"), on behalf of herself and all other similarly situated female employees of MVP, for her Complaint against Personnel Staffing Group, LLC d/b/a MVP ("MVP") and Alberto Ibarra, individually ("Ibarra"), states as follows:

## I.      INTRODUCTION

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5 *et seq.*, for Defendant MVP's unlawful discrimination of Ms. Ceja and other similarly situated female employees on the basis of their sex. Plaintiff alleges that Alberto Ibarra, a manager for MVP, sexually harassed Plaintiff and other female employees while they were working at MVP. Plaintiff further alleges that Defendant MVP violated Title VII by unlawfully retaliating against her because she objected to and opposed the unlawful sexual harassment that she was to in the workplace.

2.      Plaintiff also claims MVP is liable to her and other similarly situated female employees for battery, assault, and intentional infliction of emotional distress because MVP committed, commanded, and/or authorized Alberto Ibarra's improper conduct.

3.      Plaintiff further claims that Alberto Ibarra is individually liable to her and other similarly situated female employees for the torts of battery, assault, intentional infliction of emotional distress, and false imprisonment.

1

4.      Plaintiff will seek to certify a class pursuant to Federal Rule Civil Procedure 23(a) and (b) to pursue her Title VII claims on behalf of herself and other similarly situated female employees of MVP.

5.      On October 23, 2014, Plaintiff filed a class charge of gender discrimination on behalf of herself and other female employees of MVP with the EEOC, attached as Exhibit A. On April 30, 2015, Plaintiff filed an amended class charge with the EEOC, attached as Exhibit B. On April 7, 2016, the EEOC made a determination that the evidence establishes reasonable cause to believe MVP discriminated against Plaintiff and retaliated against Plaintiff in violation of Title VII, attached hereto as Exhibit C. On June 9, 2016, the EEOC issued a Notice of Right to Sue to Plaintiff, attached hereto as Exhibit D.

6.      Plaintiff has exhausted all administrative remedies and Plaintiff's lawsuit is timely filed.

## II.      JURISDICTION AND VENUE

7.      This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, arising under arising under 42 U.S.C. § 2000e, *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Plaintiff brings her class claims pursuant to Fed. R. Civ. P. Rule 23.

8.      Venue is proper in this judicial district as a substantial number of the facts and events giving rise to Plaintiffs' claims occurred in this judicial district and as Defendant maintained their offices and transacted business within this jurisdiction.

## III.      PARTIES

**A.      <u>Plaintiff</u>**

9.      Plaintiff Rosa Ceja:

    a.      is a female

    b.      resides in this judicial district;

    c.      was at all relevant times an "employee" of MVP as that term is defined by Title VII;

    d.      was employed by MVP as a Dispatcher and as an Onsite Supervisor; and

    e.      is and, at all relevant times, was qualified to perform work as a Dispatcher and Onsite Supervisor for MVP.

## B.    <u>Defendants</u>

10.    At all relevant times, Defendant MVP:

    a.      is and has been a corporation organized under the laws of the State of Florida;

    b.      has been located in and conducted business in Illinois and within this judicial district; and

    c.      has been Plaintiff's "employer" as that term is defined by 42 U.S.C. § 2000e(b).

11.    At all relevant times, Defendant Ibarra:

    a.      resides in this judicial district;

    b.      has been employed by MVP as a management level employee;

    c.      as a management level employee, was vested by MVP with the authority to hire, fire, and discipline employees; and

    d.      did in fact exercise his authority to hire, fire, and discipline employees of MVP.

## IV.     FACTUAL BACKGROUND

12.     At all relevant times, MVP has operated as an employment agency in Illinois with a branch offices located in Waukegan, Illinois ("MVP Waukegan Branch Office") and Elmwood Park, Illinois ("Elmwood Park Branch Office").

13.     MVP is in the business of providing third-party client companies, including the Defendant Client Companies, with low- and moderately-skilled laborers to fill jobs on a daily basis.

14.     At larger client companies, MVP employs an Onsite Supervisor ("Onsite") who acts as a liaison between the MVP dispatch offices and the client company.

15.     In or about August 2014, Plaintiff was employed as a MVP Onsite at a client company called Specialty Print Communication's ("SPC").

16.     On or about August 27, 2014 at approximately 2:30 – 3:00 p.m., Plaintiff was at SPC's old production facility located at or about 6250 W. Howard, Niles, Illinois.

17.     Plaintiff was at SPC to meet with her supervisor, Mr. Maciel.

18.     As Plaintiff was preparing to leave, Defendant Ibarra, a supervisor and driver for MVP, approached Plaintiff's vehicle in the parking lot of SPC while she was sitting in the driver seat. Defendant Ibarra was present in his supervisory capacity.

19.     Defendant Ibarra started a conversation with Plaintiff and began discussing that he had heard Plaintiff was saving money to buy a house, but that she was still short $2,500.

20.     Defendant Ibarra said in Spanish: "I will give you the money if you will have sex with me" or words to that effect.

21.     Defendant Ibarra then reached into Plaintiff's vehicle and put his hand under her dress and rubbed her breasts on the skin.

22.     Plaintiff pushed Defendant Ibarra away and yelled "STOP!"

23.     Defendant Ibarra then reached down and put his hand under Plaintiff's dress on her skin and up her left leg, near her crotch area.

24.     Plaintiff again pushed Defendant Ibarra's hand away and said "Why don't you respect me", or words to that effect.

25.     Defendant Ibarra then began laughing and said, "You know, I can help you get a loan from MVP", or words to that effect. I responded by saying I could take care of it myself.

26.     Plaintiff's supervisor, Mr. Maciel, then came out of the SPC building and Defendant Ibarra left.

27.     On or about September 13, 2014 or September 14, 2014, Plaintiff was at SPC's new production facility located at or about 7460 N. Lehigh Ave., Niles, Illinois at approximately 10:00 – 11:00 pm to make sure all of MVP's employees who were performing work at SPC were able to get a ride home on one of MVP's vans.

28.     Plaintiff was at SPC as part of her my job duties for MVP.

29.     Defendant Ibarra appeared at the parking lot. Defendant Ibarra was not at SPC at that time to drive any MVP employees home but was present in his supervisory capacity.

30.     After all of the MVP temporary employees left in the MVP vans, Defendant. Ibarra approached Plaintiff as she was standing near her vehicle.

31.     Defendant Ibarra grabbed her in an embrace with force and against her will and was able to overpower Plaintiff.

32.     Face-to-face with Plaintiff, Defendant Ibarra pulled her toward his van, which was parked nearby.

33.     While Defendant Ibarra was dragging Plaintiff toward his van, he continually tried to kiss Plaintiff on her lips.

34.     Plaintiff resisted and turned her face so Ibarra could only touch her cheek.

35. During this encounter, Plaintiff continually attempted to push Defendant Ibarra away and yelled "What are you doing?", or words to that effect.

36. Defendant Ibarra responded "You look so good to me. Look how hard you make me. You are so pretty" or words to that effect while pushing his body against me and continuing to try to kiss me.

37. Plaintiff continued to push Ibarra away and turn her face away from him.

38. After Plaintiff threatened to go inside and report Ibarra to SPC, Defendant Ibarra let her go and backed off.

39. Later that same night, Defendant Ibarra called Plaintiff on her cell phone which had been provided by MVP and said: "Have you put the kids to bed because I want to have phone sex with you" or words to that effect. Plaintiff hung up.

40. On or about September 15, 2015, Defendant Ibarra sent a sexual text to Plaintiff on the cell phone provided by MVP in Spanish, attached as Exhibit E, while Plaintiff was at work.

41. Plaintiff reported Defendant Ibarra's conduct to her the corporate management of MVP. See, for example, Exhibit E, showing the Chief Operating Officer of MVP asking Ms. Ceja to forward the above-described text.

42. MVP took no action against Defendant Ibarra as a result of the above-described incidences and Plaintiff's complaints.

43. In fact, MVP promoted Defendant Ibarra as a Branch Manager at MVP's Round Lake branch office.

44. After Plaintiff complained, MVP removed Plaintiff from her position as an Onsite at SPC and attempted to assign her to work alone as the third shift supervisor at to resolve the issue other than to reassign me to a lesser position of Dispatcher on the third shift at MVP's

6

Elmwood Park office, an assignment that MVP knew Plaintiff could not take because it would require that she close the office alone after midnight.

45.     Defendant MVP's attempt to reassign Plaintiff to a position that MVP knew she could not take was in retaliation for Plaintiff making a complaint of sexual harassment.

46.     Managers of MVP told Plaintiff that they would try to find her another assignment and allowed her to work from home as a Dispatcher, entering data into MVP's database system remotely.

47.     On or about October 20, 2014, MVP terminated Plaintiff's employment.

48.     MVP terminated Plaintiff's employment in retaliation for complaining about and opposing Defendant Ibarra's sexual harassment.

49.     On or about March 14, 2016, Defendant Ibarra was found guilty of criminal battery against Plaintiff in the Circuit Court of Cook County. *See* Docket Report in the matter of People of the *State of Illinois v. Alberto Ibarra*, attached hereto as Exhibit F.

50.     Prior to and after the above-described incidences, MVP has received many complaints from female employees of MVP about being sexually harassed by Defendant Ibarra while acting in his capacity as a supervisor and van driver for MVP.

51.     MVP has taken no steps to ameliorate the repeated sexual harassment by one of its managers, Defendant Alberto Ibarra.

52.     As a result of Defendant Ibarra's conduct and of MVP's actions and failure to act, MVP has created a hostile work environment for Plaintiff and other similarly situated female employees of MVP.

## V.     CLASS ACTION ALLEGATIONS

53.     The Plaintiff's claims are susceptible to class certification pursuant to Rule 23(a) and (b)(3), Fed.R.Civ.P.

54. The Class is defined to include "All female employees of MVP who have been subjected to sexual harassment by Alberto Ibarra in the course of their employment."

55. Certification of the class and subclasses pursuant to Rule 23(a) and (b)(3) is warranted because:

   a. This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, and the Defendants are located in this judicial district.

   b. The class is sufficiently numerous that joinder of all members is appropriate. On information, dozens of female employees have been subjected to harassment by Defendant Ibarra while employed at MVP. Further, given the nature of the claims and the alleged retaliatory response to Plaintiff's claims, other similarly situated women are likely to be too afraid to bring an action on their own behalf, warranting certification of a smaller class.

   c. One or more questions of law or fact are common to the class, including:

      (i) Whether the Defendant Ibarra sexually harassed Plaintiff and other female employees of MVP;

      (ii) If so, whether Defendant Ibarra was acting within the scope of his official capacity when doing so;

      (iii) Whether MVP was aware of Defendant Ibarra's pattern and practice of sexually harassing Plaintiff and other similarly situated female employees of MVP;

      (iv) What actions, if any, MVP took to investigate and ameliorate complaints of sexual harassment by Defendant Ibarra made by Plaintiff and other similarly situated female employees of MVP.

d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel are competent and experienced in litigating discrimination and other employment class actions;

e. The class representative and the members of the class have been subject to, and challenge, the same practices that are being challenged by the class;

f. Issues common to the class predominate over issues unique to individual class members and pursuit of the claims as a class action is superior to other available methods for the fair and efficient resolution of this controversy.

g. Adjudication of these claims as a class action can be achieved in a manageable manner.

56. Pursuit of the claims set forth herein through a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of Title VII-Sexual Harassment**
**Plaintiff on behalf of herself and a class of similarly situated female employees**
*Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 56 as though set forth herein.

57. This count arises from MVP's violation of Title VII, 42 U.S.C. § 2000e *et seq*., for its unlawful discrimination of Plaintiff Ceja and other similarly situated female MVP employees on the basis of sex.

58. Defendant Alberto Ibarra, a managerial employee at MVP, subjected Plaintiff to unwelcome harassment on account of her sex, female, on repeated occasions throughout the course of her employment as described more fully in paragraphs 12 – 52, *supra*.

59.     Defendant Ibarra also subjected other female employees of MVP to unwelcome harassment on account of their sex, female, on repeated occasions.

60.     The sexual harassment to which Defendant Ibarra subjected Plaintiff and other similarly situated female employees was sufficiently severe and pervasive to alter the terms and conditions of their employment and create a hostile or abusive atmosphere.

61.     Plaintiff Ceja was offended by Defendant Ibarra's conduct and actions.

62.     Plaintiff Ceja's offense was objectively reasonable because a reasonable person would find the work environment to be hostile and/or abusive given that the conduct occurred on numerous occasions and was particularly egregious, severe, and humiliating.

63.     Further, Defendant Ibarra's conduct interfered with Plaintiff Ceja's work performance, created an unreasonably hostile environment, and seriously affected her psychological and physical well-being employment as described more fully in paragraphs 12 – 51, *supra*.

64.     Defendant MVP, its managers, employees and agents, engaged in a pattern and practice of subjecting Plaintiff Ceja and other female employees to sexual harassment and a sexually hostile work environment.

65.     The discriminatory acts of MVP, its agents and managers were deliberate, intentional, wanton, and malicious, and were done with malice or with reckless indifference to Plaintiff's civil rights, and entitle Plaintiff to punitive damages. The acts complained of herein were ratified, authorized or permitted or performed by MVP and its management.

66.     MVP is responsible and liable for the conduct of its managers, employees and agents that amount to the sexual harassment suffered by Plaintiff Ceja and other similarly situated female employees.

67.     MVP's conduct toward Plaintiff Ceja and the ratification of the conduct by its managers, employees, and agents, adversely affected Plaintiff Ceja's job duties because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to perform her job, from advancing in her career, and ultimately leading to her termination of employment.

68.     Plaintiff Ceja suffered tangible employment actions, including the termination of her employment, because she opposed the sexual harassment she was subjected to and because she refused to comply with Defendant Ibarra's demands for sexual favors.

69.     Plaintiff's objection and opposition to the sexual harassment she experienced was motivating factor in MVP's decision to terminate Plaintiff Ceja's employment.

70.     Plaintiff suffered physical and emotional injuries and illness due to MVP's conduct.

71.     As a direct and proximate result of MVP's discriminatory customs and practices, all in violation of Title VII, Plaintiff and other similarly situated female employees have suffered and continue to suffer injuries of a pecuniary and non-pecuniary nature, including but not limited to pain and suffering, emotional distress, anguish, humiliation, embarrassment and degradation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  Declare that MVP has violated Title VII because of discrimination based on Plaintiff and other similar situated female employees' gender;

C.  Enter a judgment in Plaintiff and the Class' favor and against MVP for compensatory and punitive or exemplary damages in an amount to be determined at trial;

D.  Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

E.  For such other relief as this Court deems just and equitable.

**COUNT II**
**Violation of Title VII - Retaliation**
*Plaintiff against MVP*

Plaintiff incorporates and re-alleges paragraphs 1 through 71 as though set forth herein.

72.     This Count arises from Defendant MVP's retaliatory actions taken against Plaintiff based on her complaints about sexual harassment as described more fully in paragraphs 44 – 48, *supra*.

73.      Plaintiff at all times performed her job satisfactorily as an MVP Onsite and Dispatcher.

74.     As described more fully in paragraphs 44 – 48, *supra,* Plaintiff opposed the sexual harassment committed against her by a MVP manager, Defendant Alberto Ibarra.

75.     As a result of Plaintiff's complaints about her rights protected under Title VII, GSB terminated her from her assignment as an MVP Onsite at GSB.

76.     As a result of Plaintiff's complaints about her rights protected under Title VII, MVP terminated her from her assignment as an MVP Onsite at SPC and subsequently terminated her from her employment with MVP.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Declare that MVP violated Title VII because of retaliation based on Plaintiff's complaints about gender discrimination;

B.  Enter a judgment in Plaintiff's favor and against MVP for compensatory damages for Plaintiff in an amount to be determined at trial;

C.  Enter a judgment in Plaintiff's favor and against MVP for punitive or exemplary damages for Plaintiff in an amount to be determined at trial;

D.  Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

E.  For such other relief as this Court deems just and equitable.

12

**COUNT III**
**Assault**
*Plaintiff against MVP*

Plaintiff incorporates and re-alleges paragraphs 1 through 76 as though set forth herein.

77.     At all relevant times, Plaintiff Ceja was acting in furtherance of MVP's business and was acting within the scope of her duties.

78.     At all relevant times, Defendant Ibarra was acting in furtherance of MVP's business and was acting within the scope of his supervisory duties.

79.     On the occasions more fully described in 12 – 51, *supra*, while Plaintiff was performing her job duties, Defendant Ibarra accosted her and by his actions willfully and intentionally caused her to be in great fear and apprehension of imminent harmful and offensive contact.

80.     Defendant MVP knew of Defendant Ibarra's propensity for improper and abusive behavior toward women employed by MVP, including Plaintiff Ceja, in the workplace.

81.     Defendant MVP permitted and authorized Defendant Ibarra's improper and abusive behavior to continue.

82.     MVP's actions were willful and deliberate.

83.     As a direct and proximate result of MVP's actions, Plaintiff suffered and continues to suffer injuries of a pecuniary and non-pecuniary nature, including but not limited to pain and suffering, emotional distress, anguish, humiliation, embarrassment and degradation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter a judgment in Plaintiff's favor and against MVP for compensatory damages in an amount in excess of $50,000;

B. Enter a judgment in Plaintiff's favor and against MVP for punitive or exemplary damages in an amount to be determined at trial;

C. Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

13

D.  For such other relief as this Court deems just and equitable.

## COUNT IV
### Battery
*Plaintiff against MVP*

Plaintiff incorporates and re-alleges paragraphs 1 through 83 as though set forth herein.

84.    At all relevant times, Plaintiff Ceja was acting in furtherance of MVP's business and was acting within the scope of her duties.

85.    At all relevant times, Defendant Ibarra was acting in furtherance of MVP's business and was acting within the scope of his supervisory duties.

86.    On the occasions more fully described in 12 – 51, *supra*, while Plaintiff was performing her job duties, Defendant Ibarra willfully grabbed, touched and fondled Plaintiff's person without her consent or authorization and without provocation or justification.

87.    Defendant MVP knew of Defendant Ibarra's propensity for improper and abusive behavior toward women employed by MVP, including Plaintiff Ceja, in the workplace.

88.    Defendant MVP permitted and authorized Defendant Ibarra's improper and abusive behavior to continue.

89.    MVP's actions were willful and deliberate.

90.    As a direct and proximate result of MVP's actions, Plaintiff suffered and continues to suffer injuries of a pecuniary and non-pecuniary nature, including but not limited to pain and suffering, emotional distress, anguish, humiliation, embarrassment and degradation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Enter a judgment in Plaintiff's favor and against MVP for compensatory damages in an amount in excess of $50,000;

B.  Enter a judgment in Plaintiff's favor and against MVP for punitive or exemplary damages in an amount to be determined at trial;

14

C.  Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

D.  For such other relief as this Court deems just and equitable.

## COUNT V
### Intentional Infliction of Emotional Distress
### *Plaintiff against MVP*

Plaintiff incorporates and re-alleges paragraphs 1 through 90 as though set forth herein.

91.  At all relevant times, Plaintiff Ceja was acting in furtherance of MVP's business and was acting within the scope of her duties.

92.  At all relevant times, Defendant Ibarra was acting in furtherance of MVP's business and was acting within the scope of his supervisory duties.

93.  Defendant Ibarra's persistent and egregious abusive conduct toward Plaintiff, including but not limited to, unauthorized and unwanted touching, grouping and fondling, constituted extreme and outrageous behavior.

94.  As a manager for MVP, Defendant Ibarra had the ability to affect the terms and conditions of Plaintiff's employment with MVP.

95.  Defendant Ibarra knew or should have known that there was a high probability that his conduct would cause Plaintiff Ceja severe emotional distress.

96.  Defendant MVP knew of Defendant Ibarra's propensity for improper and abusive behavior toward women employed by MVP, including Plaintiff Ceja, in the workplace.

97.  Defendant MVP permitted and authorized Defendant Ibarra's improper and abusive behavior to continue.

98.  MVP's actions were willful and deliberate.

99.  As a direct and proximate result of MVP's actions, Plaintiff suffered and continues to suffer injuries of a pecuniary and non-pecuniary nature, including but not limited to pain and suffering, emotional distress, anguish, humiliation, embarrassment and degradation.

15

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter a judgment in Plaintiff's favor and against MVP for compensatory damages in an amount in excess of $50,000;

B. Enter a judgment in Plaintiff's favor and against MVP for punitive or exemplary damages in an amount to be determined at trial;

C. Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

D. For such other relief as this Court deems just and equitable.

**COUNT VI**
**Assault**
*Plaintiff against Alberto Ibarra*

Plaintiff incorporates and re-alleges paragraphs 1 through 99 as though set forth herein.

100. On the occasions more fully described in 12 – 51, *supra*, while Plaintiff was performing her job duties, Defendant Ibarra accosted her and by his actions willfully and intentionally caused her to be in great fear and apprehension of imminent harmful and offensive contact.

101. Defendant Ibarra's actions were willful and deliberate.

102. As a direct and proximate result of MVP's actions, Plaintiff suffered and continues to suffer injuries of a pecuniary and non-pecuniary nature, including but not limited to pain and suffering, emotional distress, anguish, humiliation, embarrassment and degradation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter a judgment in Plaintiff's favor and against Defendant Ibarra for compensatory damages in an amount in excess of $50,000;

B. Enter a judgment in Plaintiff's favor and against Defendant Ibarra for punitive or exemplary damages in an amount to be determined at trial;

C. Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

D. For such other relief as this Court deems just and equitable.

## COUNT VII
### Battery
#### *Plaintiff against Alberto Ibarra*

Plaintiff incorporates and re-alleges paragraphs 1 through 102 as though set forth herein.

103.    On the occasions more fully described in 12 – 51, *supra*, while Plaintiff was performing her job duties, Defendant Ibarra willfully grabbed, touched and fondled Plaintiff's person without her consent or authorization and without provocation or justification.

104.    Defendant Ibarra's actions were willful and deliberate.

105.    As a direct and proximate result of MVP's actions, Plaintiff suffered and continues to suffer injuries of a pecuniary and non-pecuniary nature, including but not limited to pain and suffering, emotional distress, anguish, humiliation, embarrassment and degradation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Enter a judgment in Plaintiff's favor and against Defendant Ibarra for compensatory damages in an amount in excess of $50,000;

B.  Enter a judgment in Plaintiff's favor and against Defendant Ibarra for punitive or exemplary damages in an amount to be determined at trial;

C.  Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

D.  For such other relief as this Court deems just and equitable.

## COUNT VIII
### Intentional Infliction of Emotional Distress
#### *Plaintiff against Alberto Ibarra*

Plaintiff incorporates and re-alleges paragraphs 1 through 105 as though set forth herein.

106.    Defendant Ibarra's persistent and egregious abusive conduct toward Plaintiff, including but not limited to, unauthorized and unwanted touching, grouping and fondling, constituted extreme and outrageous behavior.

107.    As a manager for MVP, Defendant Ibarra had the ability to affect the terms and conditions of Plaintiff's employment with MVP.

17

108.    Defendant Ibarra knew or should have known that there was a high probability that his conduct would cause Plaintiff Ceja severe emotional distress.

109.    Defendant Ibarra's actions were willful and deliberate.

110.    As a direct and proximate result of MVP's actions, Plaintiff suffered and continues to suffer injuries of a pecuniary and non-pecuniary nature, including but not limited to pain and suffering, emotional distress, anguish, humiliation, embarrassment and degradation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter a judgment in Plaintiff's favor and against Defendant Ibarra for compensatory damages in an amount in excess of $50,000;

B. Enter a judgment in Plaintiff's favor and against Defendant Ibarra for punitive or exemplary damages in an amount to be determined at trial;

C. Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

D. For such other relief as this Court deems just and equitable.

## COUNT IX
## False Imprisonment
### *Plaintiff against Alberto Ibarra*

Plaintiff incorporates and re-alleges paragraphs 1 through 110 as though set forth herein.

111.    As described more fully in paragraphs 12 – 52, *supra*, on or about September 13, 2014 or September 14, 2014, Defendant Ibarra grabbed Plaintiff and held her against her will and tried to drag her to his van.

112.    By grabbing and holding Plaintiff against her will, Defendant Ibarra restrained Plaintiff's freedom of movement.

113.    Defendant Ibarra grabbed and held Plaintiff, restraining her freedom and movement against her will.

114.    Defendant Ibarra's actions were willful and deliberate.

18

115.    As a direct and proximate result of MVP's actions, Plaintiff suffered and continues to suffer injuries of a pecuniary and non-pecuniary nature, including but not limited to pain and suffering, emotional distress, anguish, humiliation, embarrassment and degradation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter a judgment in Plaintiff's favor and against Defendant Ibarra for compensatory damages in an amount in excess of $50,000;

B. Enter a judgment in Plaintiff's favor and against Defendant Ibarra for punitive or exemplary damages in an amount to be determined at trial;

C. Award Plaintiff her reasonable attorney's fees and costs in bringing this action;

D. For such other relief as this Court deems just and equitable.

Respectfully submitted,

Dated: September 7, 2016

/s/Christopher J. Williams
Christopher J. Williams (ARDC #6284262)
Alvar Ayala (ARDC #6295810)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121

Attorneys for Plaintiffs